THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

F I L E D

OCT 2 9 2021

CLERK, U S DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | Cause No. DR-07-CR-1065(7)-AM |
| | § | |
| RAQUEL ESQUIVEL. | § | |

## ORDER

Before the Court is the Defendant's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A)(i) (COVID-19, Pregnancy). (ECF No. 441.) The Government opposes the motion. (ECF No. 451.) Upon review, the Defendant's motion is **DENIED**.

### I.    BACKGROUND

The Defendant was indicted, tried, and found guilty of conspiracy to possess marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1)&(b)(1)(A) & 846. (ECF No. 87; ECF No. 190.) On November 30, 2009, the Court sentenced her to 180 months imprisonment with credit for time served since April 30, 2009, with a release date of March 2022 followed by five years of supervised release. (ECF No. 223 at 2; ECF No. 451 at 2.) She filed the instant motion asking the Court to reduce her sentence based on her high-risk pregnancy and COVID-19. (ECF No. 441.) The Government opposes the motion but concedes the Defendant exhausted her administrative remedies and has shown a medical condition that could qualify as an extraordinary and compelling reason for release. (ECF No. 451 at 6.)

### II.    ANALYSIS

Courts may grant a compassionate release under Section 3582 if the defendant establishes that: (1) extraordinary and compelling reasons warrant a reduction; (2) the reduction is consistent with applicable Sentencing Commission policy statements; and (3) the court should exercise its

discretion to grant the motion, after considering the factors set forth in 18 U.S.C. § 3553(a). *United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021). Rather than defining "extraordinary and compelling," Congress tasked the Sentencing Commission with doing so. *Id.* at 391. Thus, the Commission issued policy statement § 1B1.13,[1] identifying four categories of "extraordinary and compelling" reasons that may warrant a compassionate release—a medical condition is one. *Id.* Here, the Defendant claims that her pregnancy makes her more likely to suffer severe illness or death from COVID-19 and argues this is an extraordinary and compelling reason warranting her sentence reduction. (ECF No. 441 at 2.) The Government concedes this point.

*A. 18 U.S.C. § 3553(a) Factors*

Section 3582 also directs courts to consider the applicable sentencing factors set forth in 18 U.S.C. § 3553(a), which are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   (B) to afford adequate deterrence to criminal conduct and
   (C) to protect the public from further crimes of the defendant.

The Defendant argues that the Section 3553(a) factors favor her release because she has no prior criminal history, has strong family support, has a residence available to her—her parents' home—and she has served the over-whelming majority of her sentence. (ECF No. 441 at 2.) But her original conduct was egregious; as a member of the United States Border Patrol, she conspired

---

[1] *See* U.S. SENTENCING GUIDELINES MANUAL ("U.S.S.G.") §1B1.13. While § 1B1.13 is not dispositive or binding for Section 3582 motions filed by a prisoner, it may still inform and guide the Court's analysis. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to ... § 1B1.13 informs our analysis" as to what situations may be sufficiently "extraordinary and compelling" to warrant compassionate release); *see also Shkambi*, 993 F.3d at 393 (holding that "neither the policy statement nor the commentary to it binds a district court when addressing a prisoner's own motion under § 3582").

with a drug trafficking organization to smuggle narcotics into the United States. (ECF No. 451 at 1-2.) Further, she has also already been offered home confinement and had to be returned to prison earlier this year for prohibited acts—specifically, 'technical escape.' (ECF No. 441 at 2; ECF No. 451 at 3.)   Accordingly, the Defendant has not shown that a reduction in her sentence would adequately reflect the seriousness of her offense, provide a just punishment, deter criminal conduct, or protect the community from further crimes of the Defendant.   The Court therefore finds that the Section 3553(a) factors do not weigh in favor of a sentence reduction.

## III.    CONCLUSION

For the foregoing reasons, the Defendant's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A)(i) (COVID-19, Pregnancy), (ECF No. 441), is **DENIED**.


SIGNED and ENTERED this ___ day of October, 2021.



_____
ALIA MOSES
United States District Judge

3